

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,936-03, -04, -05, -06

### IN RE THE STATE OF TEXAS EX REL. KIM OGG, Relator

### ON APPLICATIONS FOR WRITS OF MANDAMUS IN THE 228TH DISTRICT COURT FROM HARRIS COUNTY

HERVEY, J., filed a concurring opinion in which RICHARDSON, NEWELL, and WALKER, JJ., joined.

### CONCURRING OPINION

Presiding Judge Keller might be correct that the *default* rule is that the State cannot be compelled to produce work product under Article 39.14(a). TEX. CODE CRIM. PROC. art. 39.14(a). But that is not the whole story. Article 39.14(h) specifically requires the State to disclose work product under certain circumstances. *Id.* art. 39.14(h) (applies notwithstanding any other provision of the statute). Article 39.14(h) not only codifies the *Brady* disclosure requirement that exculpatory and impeachment evidence favorable to the accused must be turned over, it also requires the disclosure of any "mitigating

document, item, or information in the possession, custody, or control of the state

that . . . would tend to reduce the punishment for the offense charged." *Id.*; *see Ex parte*

*Miles*, 359 S.W.3d 647, 670 (Tex. Crim. App. 2012) (recognizing that police reports

containing *Brady* evidence must be disclosed because *Brady* supersedes the provisions of

Article 39.14).

With these comments, I agree with the Court that relief should denied.

Filed: September 15, 2021

Publish